SSC PPS

## IN THE MAGISTRATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

KEN JOSEPH
596 MIDDLETON Pl
GRAYSON GA 30017

**Plaintiff(s)**

Civil Action No. 15-M- 35107

Daytime Telephone No:

vs.

BARCLAYS BANK DELAWARE
100 S WEST STREET
WILMINGTON, DE 19801

**Defendant(s)**

**SUMMONS**

INFO & FORMS ON INTERNET
www.gwinnettcourts.com

Telephone, (preferably daytime #, if known)

## NOTICE AND SUMMONS

(This form to be used when the Plaintiff drafts a separate Complaint, rather than using MAG 10-01, Statement of Claim form)

**To: All Defendant(s)**

You are hereby notified that the above named Plaintiff has made a claim and is requesting judgment against you in the sum shown in the attached petition and/or statement of claim.

**YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE.**

If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. NO TELEPHONE ANSWERS ARE PERMITTED.

If you file an answer, the court will hold a hearing on this claim at the Gwinnett Justice & Administration Center, 75 Langley Dr., Lawrenceville, GA 30046-6900, at a time to be scheduled after your answer is filed. (Answer & Counterclaim forms are available on the above website and at the Magistrate Clerk's office. Answers & counterclaims should be mailed to Clerk, Magistrate Court, P.O. Box 246, Lawrenceville, GA 30046-0246)

You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance.
If you have a claim against the Plaintiff, you should notify the court and immediately file a written answer and counterclaim.

If you admit to the Plaintiff's claim but need additional time to pay, you must come to the hearing in person and tell the court your circumstances.

Filed   4   day   DECEMBER   20 15   _____
Magistrate or Deputy Clerk of Court

MORE INSTRUCTIONS ARE ON THE REVERSE SIDE OF THIS DOCUMENT



EXHIBIT A

# IN THE MAGISTRATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KEN JOSEPH
    *Plaintiff*

v.

BARCLAYS BANK DELAWARE
    *Defendant*

CASE# 15M35107

## COMPLAINT FOR RELIEF

Plaintiff, KEN JOSEPH individually, hereby sues Defendant(s), BARCLAYS BANK DELAWARE for violations of the Telephone Consumer Protection Act (TCPA) 227., 47 USC § 227 *Sec. seq*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C § 1692 *Sec. seq*.

### JURISDICTION and VENUE

1. This court has jurisdiction under 47 U.S.C. §227(b)(3), the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

2. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in Gwinnett County, Georgia in that the JOSEPH resides here, the Defendant transact business here, and the conduct complained of occurred here.

3. This is an action for damages which equal or less than $15,000.00.

### PARTIES

4. The Plaintiff in this lawsuit is KEN JOSEPH (herein after "JOSEPH"), a natural person and a consumer as defined by 15 U.S.C § 1692a(3) who resides in Gwinnett County, Georgia.

5. JOSEPH is a subscribe for cellular services for telephone number 470-331-4557.

6. BARCLAYS BANK DELAWARE (herein after "BARCLAYS"), is a debt collection agency as defined by 15 U.S.C. § 1692a(6) with a principle place of business in Delaware who's address is Barclays Bank Delaware, 100 S. West Street, Wilmington DE, 19801.

7. BARCLAYS may be served by personal service upon its registered agent in the State of Georgia: CT Corporation, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

8. Alternatively, BARCLAYS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Delaware.

9. BARCLAYS was formerly known as Juniper Bank.

10. BARCLAYS, either by itself or through related companies, issues credit card loans to consumers in Georgia and also throughout the entire country.

11. BARCLAYS maintains an official website for its company at https//www.barclaycardus.com.

12. BARCLAYS official website solicits customers to apply for one of their credit card accounts.

13. When BARCLAYS credit card accounts go unpaid, BARCLAYS makes telephone calls in an attempt to collect on the accounts.

14. In the course of its business, BARCLAYS made telephone calls to JOSEPH's cellular telephone number in this County.

15. BARCLAYS uses instrumentality of interstate commerce of the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

16. JOSEPH received numerous telephone calls to his cellular number 470-331-4557 in an attempt to collect a debt allegedly owed by a person whom last name "Lewis" or "Louis" not personally known by him.

17. The alleged debtor at no time had access to JOSEPH's cell phone.

18. On or about September 23rd, 2015, JOSEPH begin receiving communication calls to his wireless phone number 470-331-4557 about an alleged outstanding debt from BARCLAYS which originated from

866-456-0677 and 866-408-4070. Said numbers are numbers known to be used by BARCLAYS in their debt collection operations.

19. Each separate calls were distinct and therefore different transaction or violations.

20. At no time has the JOSEPH given his express consent, written or otherwise, to BARCLAYS to call his number.

21. The alleged debt arose from services provided by BARCLAYS which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5)

22. The BARCLAYS attempted to collect on the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

23. BARCLAYS phone systems has the capacity to predictively dial.

24. BARCLAYS Phone systems and software have the capacity to store a database of telephone numbers and to dial those numbers at random or in sequential order.

25. BARCLAYS programs telephone into its collection system which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answer the telephone.

26. BARCLAYS dialing systems have the capacity to dial from a list of numbers without human intervention.

27. All of BARCLAYS' telephone calls to JOSEPH were placed using an automatic telephone dialing system or other equipment capable of storing and producing telephone numbers at random or sequential periods to be dialed ("auto dialer").

28. BARCLAYS made several attempts to collect a debt by dialing JOSEPH's Cell phone using an automatic telephone dialing system (ATDS).

29. JOSEPH informed BARCLAYS his cell phone is not to be called on several occasions during the calls.

30. BARCLAYS, with total disregard continues to call JOSEPH's cell phone at least 40 times (see exhibit A) beginning September 23rd 2015 to October 20, 2015.

31. JOSEPH intend to recover additional violations during the discovery period.

32. JOSEPH receive the following calls without prior express nor for emergency purposes:

| Barclays | 470-331-4557 | 09/23/2015 | 10:02 AM |
| Barclays | 470-331-4557 | 09/24/2015 | 12:55 PM |
| Barclays | 470-331-4557 | 09/25/2015 | 12:03 PM |
| Barclays | 470-331-4557 | 09/28/2015 | 11:59 AM |
| Barclays | 470-331-4557 | 09/29/2015 | 8:06 AM |
| Barclays | 470-331-4557 | 09/30/2015 | 5:15 PM |

| | | | |
|---|---|---|---|
| 470-331-4557 | 10/3/2015 | 6:30 PM | |
| 470-331-4557 | 10/3/2015 | 11:18 AM | |
| 470-331-4557 | 10/5/2015 | 12:43 PM | 6:29 PM |

33. The total cost of these violation does not exceed $15000.

34. The communications in question here are all related to the collection of a alleged consumer debt due from a debtor whom JOSEPH did not know.

35. The acts alleged herein all took place in Gwinnett County, in that the offending calls were received there.

36. JOSEPH who is a non-debtor has no prior or present established relationship with BARCLAYS and therefore had no reason to have placed these calls to his phone.

37. The telephone calls were intentionally, willfully and knowingly initiated in order to obtain payment on an alleged debt owe to Barclay.

## BARCLAYS ENGAGES IN HARASSMENT AND ABUSE

38. JOSEPH has no contractual obligation to pay BARCLAYS.

39. BARCLAYS continues to attempt to enforce and collect a non-existent debt.

40. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh

Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

41. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6)

42. Under the "least sophisticated consumer" standard, JOSEPH reasonably believed that BARCLAYS was making a claim against him for personal liability on a debt that he did not owe.

43. The emotional distress has strained JOSEPH's relationships with family and friends.

44. On October 29th, 2015 JOSEPH sent a Notice of Intent to Litigate via Certified mail to BARCLAYS. A request was made of BARCLAYS to contact JOSEPH to mitigate and discuss an amicable settlement of the damages articulated in the notice.

45. On November 8th, 2015 JOSEPH received a reply from BARCLAYS' Attorney requesting additional information.

46. On November 15, 2015, JOSEPH made another attempt to mitigate BARCLAYS' damages by sending a copy of the Lawsuit prior to filling.

47. The back and forth discussion surrounded the topic of whether or not JOSEPH had ownership to the cell phone at the time the calls were placed.

48. 15 U.S.C. § 1692c- Prohibited Communication Practices

    Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

    (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 0'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

## COUNT I
## VIOLATIONS OF THE TELEPHONE

## COMMUNICATIONS ACT (TCPA) 47 U.S.C. §227(b)(1)(A)(iii)

34. JOSEPH alleges and incorporates the information in paragraphs 1 through 48.

35. BARCLAYS actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling JOSEPH to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(b) by using an automatic telephone dialing system to call the JOSEPH's number, which is assigned to a cellular telephone service.

36. BARCLAYS has committed nineteen (10) distinct separate documented violations of 47 U.S.C. §227(b)(1)(A) and JOSEPH is entitled to damages for violations pursuant to 47 U.S.C. §227(b)(3)(A)(B)(C).

37. BARCLAYS actions alleged *supra* constitute numerous and multiple knowing and/or willful violation of the TCPA, entitling JOSEPHs to an award of $1500.00 in statutory damages for each and every violation after the first pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

38. BARCLAYS, used an automatic telephone dialing system which violate the statute:

  a. 47 USC 227(b)(A), to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

1.(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

b. 47 USC 227(b)(B), to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted y rule or order by the c Commission under paragraph (2)(B).

39. Defendant, BARCLAYS knew or should have known that he was in violation of the TCPA when placing the phone calls because JOSEPH had instructed BARCLAYS to refrain from calling his cell phone.

40. Defendant, BARCLAYS knew or should have known that he was in violation of the TCPA when placing the phone calls because JOSEPH is not a debtor.

**WHEREFORE**, JOSEPH demands judgment for damages against BARCLAYS for $500.00 for the first call and $1,500 per each additional call actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION

## PRACTICES ACT (FDCPA) 15 USC § 1692

41. JOSEPH alleges and incorporates the information in paragraphs 1 through 40.

42. BARCLAYS conduct violated 15 U.S.C. §1692d in that BARCLAYS engaged in behavior the natural consequence of which was to harass, oppress, or abuse the JOSEPH in connection with the collection of a debt.

43. BARCLAYS violate 15 USC §1692d(5) by refusing to grant JOSEPH's demand to ceased calls to his cell phone and causing his phone to ring repeatedly in attempt to engage JOSEPH in telephone conversation, with the intent to annoy and harass.

44. In direct result of BARCLAYS's action described in each allegation above, JOSEPH and members of his family has suffered harassment, disruption of work flow and emotional distress and pursuant to 15 USC §1692k.

**WHEREFORE**, Plaintiff prays for punitive damages, statutory damages pursuant to 15 USC §1692k, and any attorney's fees and cost against BARCLAYS pursuant to 15 USC §1692 et seq.

### DEMAND FOR JURY TRIAL

JOSEPH hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 12-4-15

Respectfully submitted,

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 470-331-4557
Email: sem252525@aol.com

Service to:
BARCLAYS BANK DELAWARE
c/o
CT CORPORTATION
1201 PEACHTREE STREET N.E.
ATLANTA, GA 30361

BARCLAYS BANK DELAWARE
Delaware, 100 S. West Street,
Wilmington DE, 19801

BARCLAYS BANK DELAWARE
c/o
Wyrick Robbins Yates & Pronton, LLP
Michael D. DeFrank
mdefrank@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent by first class mail USPS to counsel of record listed below for Defendant.

BARCLAYS BANK DELAWARE
c/o
CT CORPORATION
1201 PEACHTREE STREET N.E.
ATLANTA, GA 30361

BARCLAYS BANK DELAWARE
~~Delaware,~~ 100 S. West Street,
Wilmington DE, 19801

BARCLAYS BANK DELAWARE
c/o
Wyrick Robbins Yates & Pronton, LLP
Michael D. DeFrank
mdefrank@wyrick.com

Dated: December 4th, 2015

_____
Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 470-331-4557
Email: sem252525@aol.com

| # of Call | company | na called # | Date | Time | Time2 | Time3 | Time4 | Time5 | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Barclays | 470-331-4557 | 10/3/2015 | 6:30 PM | | | 1500 | | |
| 2 | Barclays | 470-331-4557 | 10/3/2015 | 11:18 AM | | | 1500 | | |
| 3 | Barclays | 470-331-4557 | 10/5/2015 | 12:43 PM | 6:29 PM | | 3000 | | |
| 4 | Barclays | 470-331-4557 | 10/5/2015 | 10:20 AM | 11:52 AM | 7:35 PM | 4500 | | |
| 5 | Barclays | 470-331-4557 | 10/6/2015 | 6:22 PM | 8:02 PM | | 3000 | | |
| 6 | Barclays | 470-331-4557 | 10/7/2015 | 6:22:00PM | 8:02:00PM | | 3000 | | |
| 7 | Barclays | 470-331-4557 | 10/8/2015 | 11:14 AM | | | 1500 | | |
| 8 | Barclays | 470-331-4557 | 10/8/2015 | 7:09 PM | 8:18 PM | | 3000 | | |
| 9 | Barclays | 470-331-4557 | 10/9/2015 | 10:42 AM | 6:31 PM | 6:37 PM | 4500 | | |
| 10 | Barclays | 470-331-4557 | 10/10/2015 | 12:15 PM | | | 1500 | | |
| 11 | Barclays | 470-331-4557 | 10/12/2015 | 6:54 PM | 7:57 PM | | 3000 | | |
| 12 | Barclays | 470-331-4557 | 10/12/2015 | 12:45 PM | | | 1500 | | |
| 13 | Barclays | 470-331-4557 | 10/12/2015 | 10:45 AM | | | 1500 | | |
| 14 | Barclays | 470-331-4557 | 10/13/2015 | 10:24 AM | 11:51 AM | 6:21 PM | 4500 | | |
| 15 | Barclays | 470-331-4557 | 10/16/20015 | 10:09 AM | | | 1500 | | |
| 16 | Barclays | 470-331-4557 | 10/16/2015 | 11:45 AM | 7:21 PM | | 3000 | | |
| 17 | Barclays | 470-331-4557 | 10/19/2015 | 10:15 AM | | | 1500 | | |
| 18 | Barclays | 470-331-4557 | 10/19/2015 | 7:39 PM | 12:14 PM | | 3000 | | |
| 19 | Barclays | 470-331-4557 | 10/21/2015 | 10:05 AM | 11:30 AM | | 3000 | | |
| Additional violation originated from a different number (866) 408-4070 | | | | | | | | | |
| 21 | Barclays | 470-331-4557 | 09/23/2015 | 10:02 AM | | | 1500 | | |
| 22 | Barclays | 470-331-4557 | 09/24/2015 | 12:56 PM | | | 1500 | | |
| 23 | Barclays | 470-331-4557 | 09/25/2015 | 12:03 PM | | | 1501 | | |
| 24 | Barclays | 470-331-4557 | 09/28/2015 | 11:59 AM | | | 1500 | | |
| 25 | Barclays | 470-331-4557 | 09/29/2015 | 8:06 AM | | | 1500 | | |
| 26 | Barclays | 470-331-4557 | 09/30/2015 | 5:15 PM | | | 1500 | | |
| | | | | | | | 58501 | | |

EXHIBIT "A"