IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEN JOSPEH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BARCLAYS BANK DELAWARE, | : | CIVIL ACTION NO. |
| | : | 1:16-CV-0029-AT |
| | : | |
| Defendant. | : | |
| _____ | : | _____ |
| KEN JOSPEH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BARCLAYS BANK DELAWARE, | : | CIVIL ACTION NO. |
| | : | 1:16-CV-0030-AT |
| | : | |
| Defendant. | : | |

**ORDER**

This matter is before the Court on the Magistrate Judge's Orders and Final Reports and Recommendations ("R&R") [Case No. 16-cv-0029, Doc. 13; Case No. 16-cv-0030, Doc. 10][1] in these two related cases that (1) Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, be dismissed; (2) that Plaintiff's claims under the Telephone Consumer Protection

---

[1] The R&Rs and Defendant's Objections are substantially similar, if not identical, in both cases. For the sake of convenience, the Court quotes from and cites to the R&R and Objections in Case No. 16-cv-0029.

Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, proceed; and that (3) the above-captioned cases be consolidated. Defendant Barclays Bank Delaware has filed Objections [Case No. 16-cv-0029, Doc. 15; Case No. 16-cv-0030, Doc. 12] to both R&Rs, arguing that Plaintiff has failed to state a claim under the TCPA in either case. For the following cases, the Court **OVERRULES** Defendant's Objections, **ADOPTS** the R&Rs as the opinion of the Court, and **CONSOLIDTES** these cases.

### I. Standard

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). As Defendant filed timely objections to the portion of the Magistrate Judge's R&Rs recommending against dismissal of Plaintiff's TCPA claims, the Court reviews the findings and recommendations on that subject on a de novo basis. Plaintiff did not object to the R&Rs' recommendations that his FDCPA claims be dismissed, and so the Court has reviewed that portion of the R&Rs for clear error. The Court has found none, and so **ADOPTS** the R&Rs' recommendation that Plaintiff's FDCPA claims be **DISMISSED**.

**II. Discussion**

Plaintiff filed two Complaints in the Magistrate Court of Gwinnett County, Georgia in late 2015, alleging that Defendant had called him 40 times between September 23, 2015 and October 20, 2015 in an attempt to collect a debt that Plaintiff claims he did not owe.  (*E.g.*, Case No. 16-cv-0029, Compl. ¶¶ 30, 38.) He alleges that Defendant violated the TCPA by knowingly using an "automatic telephone dialing system" ("ATDS") to call Plaintiff's cell phone without his prior express consent.  47 U.S.C. § 227(b)(1)(A).  During several of the calls, Plaintiff spoke to a customer service representative, who indicated they were calling about a debt owed by a "Louis" or "Lewis."  (Compl. ¶ 16.)  Defendant filed motions to dismiss in each case, arguing that Plaintiff had failed to plead facts supporting the inference that Defendant was in fact using an ATDS to dial Plaintiff's cell phone, as is required to state a violation under the TCPA.

The Magistrate Judge found that because Plaintiff attached a spread sheet to his complaint showing the dates and times of the 39 calls, because he alleged the Defendant programmed telephone numbers into its collection systems and then dials those numbers at a rate to ensure that a customer service representative will be available when a consumer answers the phone, and because Defendant ignored Plaintiff's repeated requests to stop calling – raising the inference that an automated system was doing the dialing – Plaintiff did allege facts supporting his TCPA claim.  (R&R at 13-15.)

3

Defendant objects to the Magistrate Judge's conclusions, and present several arguments. First, Defendant argues that 39 calls over a one month period is not enough to raise the inference that an ATDS system was used to dial Plaintiff's cell phone number. It also cites a number of cases where it claims courts dismissed complaints containing facts weaker than those alleged here.

The Court finds Defendant's authorities unpersuasive. Defendant relies heavily on *McGinity v. McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014). There, the district court dismissed the TCPA claim because the plaintiff described only his calls where he spoke to a representative. *Id.* The true problem with *McGinity* appears to be that the plaintiff included *no* allegations in her complaint about the specific days and times that the calls were made or the content of those calls other than those where she spoke with an employee of the defendant who allegedly repeatedly threatened to kill her. The Court found these allegations and the allegations that the plaintiff was called 6,000 times in 45 days – or once every 11 minutes - "implausible." The obvious subtext of the case is that the court was concerned that it was frivolous. Put simply, *McGinity* is not this case.

Next, Defendant cites *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015), *report and recommendation adopted sub nom. Aikens v. Fin.*, No. 15-CV-10058, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015). There, the plaintiff failed to identify

4

whatsoever the "content" of the calls, and so her complaint was dismissed. Here, plaintiff identified the content of the call – a debt collection call aimed at another individual. And so *Aikens* is also distinguishable.

Finally, Defendant cites *Daniels v. ComUnity Lending, Inc.* In that case, the plaintiffs claims failed because the defendant's calls were targeted at them *specifically* – thus undermining the inference that they were made using equipment that dialed numbers in a "random or sequential" fashion, as is required to meet the definition that they were made by an ATDS. *Daniels v. ComUnity Lending, Inc.*, No. 13CV488-WQH-JMA, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014), *appeal dismissed* (Feb. 26, 2014); 47 U.S.C. § 227(a)(1) ("The term 'automatic telephone dialing system means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.")

Defendant next argues that the Magistrate Judge incorrectly relied on *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1248 (S.D. Fla. 2014) and *Reid v. GE Capital Retail Bank*, No. CV 114-079, 2014 WL 6981426, at *1 (S.D. Ga. Dec. 9, 2014).

In both of these cases, the plaintiffs survived dismissal when they alleged that they received a large number of calls over a short period of time, and provided some detail about the times and dates of the calls. The plaintiffs also alleged that they received prerecorded messages from a small handful of the

5

phone calls. Defendant asserts that this difference is critical. But the remaining facts of *Neptune* and *Reid* are virtually identical to those this case. This one departure is not enough to undermine otherwise sufficient allegations in the instant Complaint that detail the "day, time, and purpose of such a large number of calls made over such a short period of time." 2014 WL 6981426, at *3.

Defendant next argues that because Plaintiff alleges he spoke with a live person on a few occasions, this means that he has undermined his allegations that Defendant used an ATDS. (*See* Objections at 10 (*citing Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012 for the proposition that if a plaintiff alleges he "spoke with Defendant's representatives, [this] negates a claim that the calls were made by an automated dialing system.")). Other courts have declined to apply *Duran* when a plaintiff does not allege he spoke with just a single representative or alleges the existence of a momentary pause[2] before a representative picks up, because speaking to a live representative may still be consistent with the representative's employer using an ATDS to dial the plaintiff's number. *E.g.*, *Oliver v. DirecTV, LLC*, No. 14-CV-7794, 2015 WL 1727251, at *3 (N.D. Ill. Apr. 13, 2015). The Court similarly declines to apply *Duran* here, where Plaintiff has not alleged he spoke with only one of Defendant's representatives.

---

[2] Plaintiff here only alleged that there was a pause or dead air in his Response to the Motion to Dismiss. The Court cannot and the Magistrate Judge did not consider this allegation, because it was not in the original Complaint. The Court **GRANTS** Plaintiff leave to amend to add this allegation to his Complaint.

Nor does the Defendant's appeal to an earlier case involving Plaintiff hold water. Defendant argues that Plaintiff's claims in *Joseph v. ARS National Services, Inc.*, No. 1:13-cv-4123-JEC-RGV (N.D. Ga. March 14, 2014) were dismissed based on almost the same allegations as are present here. Defendant argues that "the only material differences between Plaintiff's amended complaint in *Joseph v. ARS* and the Complaint here is that Plaintiff alleges 33 more calls in this case." (Objections at 12.) That is simply not correct. The primary reason that *Joseph v. ARS* was dismissed was because "[b]ased upon the allegations of the . . . [c]omplaint, [ARS's] alleged calls to [Joseph] do not appear to have been 'random'; instead, the calls are alleged to be directed specifically toward [Joseph]." (Case No. 13-cv-4123, Doc. 5 at 15.) More, the Complaint in *ARS* included *no* specifics about the dates and times of the phone calls, whereas here Plaintiff attached to his Complaints a list of a few dozen calls and their dates and times.

Finally, Defendants argue that, like the plaintiffs in *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012), plaintiff here failed to provide "anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS." But as the Magistrate Judge observed, the "allegation that [Defendant] ignored [Plaintiff's] requests to stop calling him supports an inference that the defendant was using an ATDS." (Case No. 16-cv-0029, R&R at 15 (*citing White v.*

7

*Synchrony Bank*, No. 815CV01205T27AEP, 2015 WL 5821102, at *2 (M.D. Fla. Oct. 2, 2015)). If a company fails to honor a customer's repeated requests to stop calling, it should not be too surprised if that customer – or a court – wonders if there's a robot on the other line.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&Rs as the opinions of the Court [Case No. 16-cv-0029, Doc. 13; Case No. 16-cv-0030, Doc. 10]. Plaintiff's Motions to Dismiss Second Cause of Action [Case No. 16-cv-0029, Docs. 7, 11; Case No. 16-cv-0030, Doc. 6] are **DENIED**. Defendant's Motions to Dismiss are **GRANTED IN PART** and **DENIED IN PART** [Case No. 16-cv-0029, Doc. 3; Case No. 16-cv-0030, Doc. 3]. Plaintiff's FDCPA claims are **DISMISSED**. The Motions are **DENIED** as to Plaintiff's TCPA claims. Plaintiff is **GRANTED LEAVE** to amend his Complaints to add his allegations that there was a pause or dead air after he picked up the phone during some of the calls.

As the remaining claims in these cases share a common core of facts and questions of law, the Court exercises its discretion under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate these cases. Accordingly, the Clerk is **DIRECTED** to (1) file this Order in civil actions No. 16-CV-0029 and No. 16-CV-0030; (2) **ADMINISTRATIVELY CLOSE** civil action No. 16-CV-0030; and (3) **CONSOLIDATE** Case No. 16-cv-0030 with civil action No. 1:16-CV-0029.

Finally, the parties are **DIRECTED** to refrain from attaching opinions or orders to their briefs unless those opinions or orders are not published in any easily accessible form (including on Westlaw, LexisNexis, or the like).  The Court appreciates that different jurisdictions may have different rules or customs regarding attaching reported or easily accessible cases to briefs or motions, but prefers to access cases cited by the parties on its own.

This matter is **REFERRED** back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED** this 29th day of August, 2016.

_____
**Amy Totenberg
United States District Judge**